IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Sopramco CV9 CFL, LLC,<br><br>**Plaintiff**,<br><br>v.<br><br>CARMEN SOCORRO ALVAREZ-SANTIAGO, <u>et al.</u>,<br><br>**Defendants**. | **CIVIL NO.** 09-2027 (FAB) |

**DEFAULT JUDGMENT**

The Court has before it plaintiff's motion for default judgment (Docket No. 10) against defendants Carmen Socorro Alvarez-Santiago, Ivonne del Carmen Calderon-Alvarez, Jose Ramon Calderon-Alvarez and Magalis del Carmen Calderon-Alvarez.  For the reasons stated below, the motion is **GRANTED**.

**I.**

On October 6, 2009, Sopramco filed the complaint in this action against Carmen Socorro Alvarez-Santiago, Ivonne del Carmen Calderon-Alvarez, Jose Ramon Calderon-Alvarez and Magalis del Carmen Calderon-Alvarez for defendants' non-compliance with the terms and conditions of a loan and mortgage deed for an amount of one hundred thirteen thousand dollars ($113,000.00), executed on December 1, 2005.  <u>See</u> Docket No. 1.

Defendant Carmen Socorro Alvarez-Santiago was personally served with summons and a copy of the Complaint on

**October 20, 2009,** and defendants Ivonne del Carmen Calderon-Alvarez, Jose Ramon Calderon-Alvarez and Magalis del Carmen Calderon-Alvarez were each personally served with summons and a copy of the complaint on **October 22, 2009,** as established by the return of service on record. See Docket Nos. 4 to 7.

Pursuant to Rule 12(a)(1)(A), defendant Carmen Socorro Alvarez-Santiago was required to serve her answer or otherwise plead to the Complaint on or before **November 10, 2009.** In addition, defendants Ivonne del Carmen Calderon-Alvarez, Jose Ramon Calderon-Alvarez and Magalis del Carmen Calderon-Alvarez were required to serve their answers or otherwise plead to the complaint on or before **November 12, 2009.**

Because defendants Carmen Socorro Alvarez-Santiago, Ivonne del Carmen Calderon-Alvarez, Jose Ramon Calderon-Alvarez and Magalis del Carmen Calderon-Alvarez had not appeared before this Court in response to the duly served complaint, on November 27, 2009, Sopramco requested that default be entered against defendants Carmen Socorro Alvarez-Santiago, Ivonne del Carmen Calderon-Alvarez, Jose Ramon Calderon-Alvarez and Magalis del Carmen Calderon-Alvarez. (Docket No. 9) Default was entered on December 1, 2009. (Docket No. 11) Sopramco filed its motion for default judgment on December 1, 2009. (Docket No. 12)

Defendants Carmen Socorro Alvarez-Santiago, Ivonne del Carmen Calderon-Alvarez, Jose Ramon Calderon-Alvarez and Magalis del

Civil No. 09-2027 (FAB)                                                3

Carmen Calderon-Alvarez have failed to defend against Sopramco's claims in this case. The detailed sufficiency of the Complaint, the undisputable nature of the facts of this collection action, and the attached affidavit make default judgment the appropriate remedy.

**II.**

1.  As alleged in the Complaint, on December 1, 2005, defendants Carmen Socorro Alvarez-Santiago, Ivonne del Carmen Calderon-Alvarez, Jose Ramon Calderon-Alvarez and Magalis del Carmen Calderon-Alvarez obtained a loan from R&G Mortgage Corporation, and executed a Mortgage Note in the amount of one hundred thirteen thousand dollars ($113,000.00), repayable with an interest rate of 6.75% per year.

2.  As guarantee of the repayment obligation evidenced by the Mortgage Note, the defendants also executed Mortgage Deed number 578 before Notary Public Alfonso Prats-Lazzarini, encumbering Property No. 162 (Previously No. 1,723) ("Barrio Monacillos in San Juan, Puerto Rico"), presented and pending to be recorded in the Puerto Rico Property Registry, Fifth Section of San Juan, Entry 312 of Diary 870, in the amount of $113,000.00. The property is owned by defendants Carmen Socorro Alvarez-Santiago, Ivonne del Carmen Calderon-Alvarez, Jose Ramon Calderon-Alvarez and Magalis del Carmen Calderon-Alvarez.

Civil No. 09-2027 (FAB)                                                  4
_____

    3.    The Mortgage Deed executed by defendants Carmen Socorro Alvarez-Santiago, Ivonne del Carmen Calderon-Alvarez, Jose Ramon Calderon-Alvarez and Magalis del Carmen Calderon-Alvarez was presented and is pending to be recorded at the Registry of Property of Puerto Rico, in the aforementioned Section, in the Spanish language, as follows:

> "URBANA: Solar sito en el Barrio Monacillos del término municipal de San Juan, Puerto Rico, identificado con el #16 en el bloque XF de la Urbanización Jardines Metropolitano. Tiene una cabida de trescientos cincuenta (350.00) metros cuadrados, colinda por el NORTE, con el solar #10 del bloque XF, en catorce (14.00) metros; por el ESTE, con el solar #15 del bloque XF en veinticinco (25.00) metros; por el SUR, con la calle #26 de la Urbanizacibn, en catorce (14.00); y por el OESTE, con el solar #17 del bloque XF, en veinticinco (25.00) metros. Enclava una casa de concreto."

    4.    Sopramco is the owner and holder of the Mortgage Note of $113,000.00. Pramco CV9, LLC purchased Loan No. 107110129 from R&G Mortgage Corporation on September 28, 2007 and on August 28, 2009, transferred and assigned it to Sopramco.

    5.    Defendants Carmen Socorro Alvarez-Santiago, Ivonne del Carmen Calderon-Alvarez, Jose Ramon Calderon-Alvarez and Magalis del Carmen Calderon-Alvarez defaulted on their repayment obligations to Sopramco and, for that reason Sopramco accelerated the debt and declared due the obligation under the mortgage note.

    6.    As of November 23, 2009, defendants owed Sopramco the principal amount of $106,577.11, interest in the amount of $6,003.18 which continue to accrue by the fluctuating rate on a

daily basis in the amount of $19.98, $256.55 in late charges and $11,300.00 in contractually agreed-upon attorney's fees and legal costs, for a total amount of $124,136.84 as of November 23, 2009.

### III.

This Court has jurisdiction to entertain the claims pleaded under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and complete diversity exists between the plaintiff and defendants.

Plaintiff Sopramco is a legal entity organized under the laws of the State of Delaware and exists under the laws of the State of New York, having its principal office in New York, New York. Defendants Carmen Socorro Alvarez-Santiago, Ivonne del Carmen Calderon-Alvarez, Jose Ramon Calderon-Alvarez and Magalis del Carmen Calderon-Alvarez are citizens of the Commonwealth of Puerto Rico.

Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a), (b), and (c), because all operative facts alleged occurred within the Commonwealth of Puerto Rico and because defendants are residents and citizens of the Commonwealth of Puerto Rico, thus being subject to personal jurisdiction in the Commonwealth of Puerto Rico.

Defendants Carmen Socorro Alvarez-Santiago, Ivonne del Carmen Calderon-Alvarez, Jose Ramon Calderon-Alvarez and Magalis del Carmen Calderon-Alvarez are indebted to Sopramco for the loan

Civil No. 09-2027 (FAB)                                                   6

granted on December 1, 2005, which is past due and payable. Defendants Carmen Socorro Alvarez-Santiago, Ivonne del Carmen Calderon-Alvarez, Jose Ramon Calderon-Alvarez and Magalis del Carmen Calderon-Alvarez breached their repayment obligations with Sopramco.  Under Article 1044 of the Civil Code, "Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations."  31 L.P.R.A. § 2994.  Moreover, "[t]he validity and fulfillment of contracts cannot be left to the will of one of the contracting parties."  31 L.P.R.A. § 3373.

Contracts in the Commonwealth of Puerto Rico are created as long as the following requisites exist:  (1) the consent of the contracting parties; (2) a definite object which may be the subject of the contract; and (3) the cause for the obligation which may be established.  31 L.P.R.A. § 3391; See Neca Mortg. Corp. v. A & W Dev. S.E., 137 D.P.R. 860, 871 (1995).  Furthermore, in clarification of § 3391, § 3401 states in relevant part that, "consent is shown by the concurrence of the offer and acceptance of the thing and the cause which are to constitute the contract." 31 L.P.R.A. § 3401.  Thus, the traditional elements of offer, acceptance, and consideration in the formation of contract under common law jurisdictions are also reflected in §§ 3391 and 3401 of the Civil Code.

Civil No. 09-2027 (FAB) 7

The Court has before it evidence of the mentioned contractual elements, undoubtedly establishing the binding obligations breached by defendants.

Finally, Article 1061 of the Civil Code provides that the indemnity for losses and damages due to a debtor's default to comply with his or her obligation to pay an amount of money shall consist in the payment of the legal interest. See 31 L.P.R.A. § 3025.

Judgment is entered as a matter of law in favor of Sopramco and against defendants Carmen Socorro Alvarez-Santiago, Ivonne del Carmen Calderon-Alvarez, Jose Ramon Calderon-Alvarez and Magalis del Carmen Calderon-Alvarez in the amount of $124,1236.84, accruing daily interest since April 23, 2009 at the daily rate of $19.98.

This case is now closed for statistical purposes.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 3, 2009.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE